IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOYCE PALMER,** as Surviving Mother and Heir at Law of **KENNETH PALMER,** Deceased, and **RHONDA GAINEY,** as Representative of the **ESTATE OF KENNETH PALMER**, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:17-CV-1819-L** |
| **BEACH DRYDEN SCUBA ENTERPRISES LLC,** Individually and d/b/a **DIVE WEST,** and **BRANDI FARCH,** | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand (Doc. 4), filed July 27, 2017. After considering the motion, response, briefing, pleadings, record, and applicable law, the court **grants** Plaintiffs' Motion to Remand (Doc. 4).

**I.  Factual and Procedural Background**

This case arises from a scuba diving accident resulting in the death of Kenneth Palmer on August 14, 2016. The following background facts are drawn from Plaintiffs' Original Petition ("Petition"), filed on June 7, 2017, in Dallas County Court at Law No. 1, Dallas County, Texas, by Plaintiffs Joyce Palmer, as Surviving Mother and Heir at Law of Kenneth Palmer, Deceased, and Rhonda Gainey, as Representative of the Estate of Kenneth Palmer (collectively, "Plaintiffs"). Plaintiffs bring this lawsuit against Defendants Beach Dryden Scuba Enterprises, LLC, Individually and d/b/a Dive West ("Beach Dryden"), and Brandi Farch ("Farch") (collectively, "Defendants"),

**Memorandum Opinion and Order – Page 1**

alleging claims for wrongful death and violations of the Deceptive Trade Practices Act ("DTPA") under Texas law, in connection with the Kenneth Palmer's untimely death. With respect to their wrongful death action, Plaintiffs allege in their Petition that:

> Kenneth Palmer was diving as part of a dive group with the Defendants. Kenneth Palmer was using dive equipment which had been checked by the Defendants and had paid Dive West for the trip. It is believed that while on the second dive of the trip, Kenneth Palmer was lost during the dive and eventually drowned. Based upon information and belief, it appears that the Dive Master and the Defendant failed to provide adequate safety policies and procedures for the dive including having a dive buddy assigned to Kenneth Palmer for any emergency type situation, including an out-of-air emergency. Based upon information and belief, it appears the Defendants failed to enforce the rules for proper and safe dives including the use of the buddy system.

Pls.' Orig. Pet. 3. Plaintiffs allege with respect to their DTPA claim that Defendants falsely represented that their goods and services had characteristics, uses, or benefits that they did not have, and such representations were made with actual awareness of their falsity. Plaintiffs seek actual and compensatory damages, as well as exemplary damages as allowed by the Texas Wrongful Death Act, the Texas Survival Statute, the DTPA, and Texas common law. Plaintiffs also seek to recover attorney's fees, prejudgment and postjudgment interest, and costs, and they request a jury trial.

On July 10, 2017, Defendants filed their Original Answer in which they assert, among other things, that Plaintiffs' claims are preempted by the Death on the High Seas Act, 46 U.S.C. § 30301, *et. seq.* ("DOHSA"). On July 11, 2017, Defendants removed the action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331, asserting that Plaintiffs' state law claims fall under the umbrella of DOHSA or, alternatively, the court has admiralty and maritime jurisdiction under 28 U.S.C. § 1333. On July 27, 2017, Plaintiffs filed their Motion to Remand, contending that federal question jurisdiction is lacking because, under the well-pleaded complaint rule, the Petition only asserts state law claims and, alternatively, even assuming their claims fall within the ambit of

DOHSA or admiralty law, a plaintiff may elect to bring these claims in state court. In response, Defendants argue that DOHSA preempts Plaintiffs' state law claims and provides a basis for federal jurisdiction or, alternatively, that Plaintiffs' claims "fall within the court's original admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and that their claims are therefore properly brought in federal court." Defs.' Br. 7 (Doc. 7).

## II. Applicable Legal Standard for Removal - Federal Question

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which

**Memorandum Opinion and Order – Page 3**

the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. This, however, is not the only manner in which federal question jurisdiction may arise.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is

inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

**Memorandum Opinion and Order – Page 5**

A "corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

## III. Analysis

Defendants argue that removal to this court is proper pursuant to 28 U.S.C. § 1441(a) both because DOHSA preempts Plaintiffs' state law claims and because the Plaintiffs' claims sound in admiralty, thus providing the district court with federal question jurisdiction and making removal proper. Plaintiffs, in support of their Motion to Remand, argue that removal is improper based on either Plaintiffs' claims in admiralty or on any DOHSA claim arising from the facts of this case.

The court rejects Defendants' assertion that DOHSA completely preempts state law, thereby providing a basis for removal to federal court. "DOHSA jurisdiction is concurrent, *i.e.*, [] a DOHSA action can be brought in either state or federal court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991) (citing *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 225 (1986)). The court, therefore, turns to Defendants' argument that removal is proper because "Plaintiffs' claims also fall within the Court's original admiralty and maritime jurisdiction under 28 U.S.C. § 1333[.]" Defs.' Br. 7 (Doc. 7). To resolve this question, the court must delve into the question of whether the

2011 amendments to 28 U.S.C. § 1441 allow for removal of general maritime claims, an unsettled area of the law. The court begins with the statutory language of the removal statute.

Prior to the 2011 amendment, 28 U.S.C. § 1441 provided, in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2011).

Under this previous version, the Fifth Circuit recognized that:

"[E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court." *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959). Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.* and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013); *see also Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 807 (M.D. La. 2015) (noting that prior to the 2011 amendment to 28 U.S.C. § 1441, "federal law was well-settled that maritime tort actions commenced in the state courts were non-removable in the absence of an independent jurisdictional basis by operation of the 'saving to suitors clause' and 28 U.S.C. § 1441(b).") (citation omitted) (collecting cases).

**Memorandum Opinion and Order – Page 7**

The "saving to suitors" clause is contained in 28 U.S.C. § 1333, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." As summarized by one district court in this Circuit:

> [U]nder § 1333's "saving to suitors" clause, the case may be brought in state or federal court. What is "saved" to the suitor in § 1333 is not only the right to bring a maritime case in a non-maritime court (state court or federal court at law, assuming an alternative basis for federal jurisdiction), but the right of the litigants to take advantage of the procedural differences between a federal court "in admiralty" and that of the non-maritime court. However, regardless of the court in which the case is brought, maritime substantive law is applicable.

*Langlois*, 139 F. Supp. 3d at 807-08 (quoting *Bourgeois v. Weber Marine, LLC*, 80 F. Supp. 3d 721, 724 (M.D. La. 2015)) (internal citations omitted).

In 2011, Title 28 U.S.C. § 1441 was amended pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, § 1441, 125 Stat. 758, 759 (2011) ("JCVA"), and now provides:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

In an unpublished decision in 2015, the Fifth Circuit recognized that "[t]here is disagreement among district courts in this circuit . . . regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b)." *Riverside Const. Co., Inc. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 447 (5th Cir. Sept. 17, 2015). In that case, the Fifth Circuit acknowledged that they had "not yet spoken directly on this issue." *Id.* (citing *Barker*, 713 F.3d at 223) (describing the 2011 amendment to 28 U.S.C. § 1441(b) as a "recent clarification" and noting that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal" ). In declining to decide the issue, the Fifth Circuit "observe[d] that this issue is 'hotly contested' and unresolved." *Id.* at 447 n. 3, at *3 n. 3.

On February 5, 2018, the Fifth Circuit had occasion to revisit this same issue and, albeit in dicta, once again highlighted the lack of clarity following the 2011 amendment to section 1441:

> [T]he question of subject-matter jurisdiction presented in this case—whether the saving-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction in light of Congress's December 2011 amendment to the federal removal statute—is not clear. The vast majority of district courts considering this question have maintained that such lawsuits are not removable. *See Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809-10 (M.D. La. 2015) (collecting cases). However, because there is no binding precedent from this circuit, *see Riverside Constr. Co., Inc. v. Entergy Miss., Inc.*, 626 F. App'x 443, 447 (5th Cir. 2015) (noting that "[t]he Fifth Circuit has not yet spoken directly on this issue"), there remains a consequential number of district courts that have held to the contrary. *See, e.g., Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013); *see also Langlois*, 139 F. Supp. 3d at 809 (collecting cases). This disagreement, lopsided as it might be, highlights the conceptual difficulty of and uncertainty surrounding the issue.

*Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100-01 (5th Cir. 2018).

Although the Fifth Circuit has not had the opportunity to decide the effect, if any, of the 2011 amendments to section 1441 on admiralty claims, the court has carefully considered the case

authority as well as scholarly articles on the subject, and concurs with the vast majority of courts that the saving-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction, even in light of Congress's December 2011 amendment to the federal removal statute. Although not binding authority, this court finds persuasive the reasoning of a district court in the Eastern District of New York, which, after considering the legislative history, concluded that it would not reject decades of well-established law to adopt an unsettled attempt to alter the course of removal procedures without clear authority and, therefore, held that common law admiralty claims initiated by a plaintiff in state court are not removable under § 1441, unless the defendants provide an independent basis of federal jurisdiction, such as diversity of citizenship. *Nassau Cty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 763 (E.D.N.Y. 2015) (noting that "the House Report on the 2011 amendments indicates that Congress's intention was procedural, not substantive: 'Section 103(a)(3) places the provisions that apply to diversity actions under one subsection. This change is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal.' H.R. Rep. No. 112–10."); *see also Boudreaux v. Global Offshore Res., LLC*, 2015 WL 419002, at *5 (W.D. La. Jan. 30, 2015) ("Until the Fifth Circuit definitively decides this issue, I am disinclined to hold that Congress intended to make such a major substantive change to § 1441, which would, in effect, upset centuries of well-established precedent by denying plaintiffs their right to a jury trial.").

In light of the court's review of the relevant statutes, legislative history, case authority, and scholarly articles, and as the Fifth Circuit has not definitively decided the issue, the court concludes that Plaintiffs' admiralty claims initiated in state court are not removable under 28 U.S.C. § 1441, absent an independent basis for federal jurisdiction, which is lacking in this case.

## IV. Conclusion

For the reasons stated, the court **concludes** that Defendants have failed to establish an independent basis for federal jurisdiction. Absent an independent basis for jurisdiction, general maritime claims are not removable, despite the 2011 changes to 28 U.S.C. § 1441. This action must, therefore, be remanded. Accordingly, the court **grants** Plaintiffs' Motion to Remand (Doc. 4) and **remands** this action to County Court at Law No. 1, Dallas County, Texas, from which it was removed. The court **directs** the clerk of court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 30th day of March, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge